SAMIA of Fagatogo, Plaintiff

v.

TAPUITEA of Fagatogo, Defendant

No. 1-1937

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tuasavaii" in Fagatogo]

August 6, 1937

DECISION

The land Tuasavaii offered for registration by Tapuitea comprises approximately two fifths of an acre and lies in the village of Fagatogo on both the north and south sides of the back road which runs approximately east and west.

The land is divided by a stream entering it a little west of the middle of the southerly boundary and emerges at the northeast corner of the property.

The small portion of the land i.e. that which lies north of the back road, was about forty years ago leased by Ifopo Gatiso to Charles King, the husband of Tapuitea, and later when she married King, the testimony is that Ifopo gave her not only this piece of Tuasavaii but also the part south of the back road.

It is admitted by the objector that the portion of the land north of the road offered for registration is the property of Tapuitea but he denies that there was a valid gift to her of the southern portion of the land.

It appears from the testimony that Tapuitea was the daughter of a man named Fatu by his first wife Eleni; that Eleni died when Tapuitea was a child; that Fatu then married Talita the sister of Eleni and had by her a son Siomia, who later held the name Samia and that his son is the present holder of the name Samia.

It also appears that Tapuitea was adopted by Ifopo Gatiso (who appeared as a witness) when she was a child. This adoption is not admitted by the objector but if it is not true the question arises why did Ifopo give Tapuitea this land when she married if she was in the care of Talita and her husband. Why did not Talita give her this dowry through the name Samia?

There was a Samia (Motumotu) living at the time this gift of land was made to Tapuitea but the objector admits the gift of the north part of the land by Ifopo as valid as being made by Ifopo and not by Motumotu.

Evidently the pule of Ifopo in the land Tuasavaii is greater than that of Samia.

It was admitted that the pule of the Samia family at the time of the gift was in the name Ifopo.

The husband of Tapuitea built one European house on the north side of the road and another European house on the south side of the road. These houses have been built at least thirty five years and the King family has occupied them.

On the south side of the road there is also a Samoan house where Samia now lives. The testimony is contradictory as to who had this house built and which of the two families had occupied it. It is undoubtedly now occupied by the objector Samia.

The question for the Court to decide is primarily was all the land Tuasavaii on the south side of the back road as surveyed and offered for registration by Tapuitea given to her by Ifopo or a part of it, or none of it.

Certainly a part of this parcel has been used by Tapuitea and her family, the children of Charles King. Certainly now Samia occupies a part of this parcel under a claim of right. It is also true that members not only of the King and Samia family but also of Ifopo's family are buried on this portion of the land.

Some, years ago, were buried, and some very recently i.e. Charles King. This burial plot lies to the east of the aforesaid stream.

It is impossible for the Court to ascertain in the light of the testimony given at the trial just how much of this parcel south of the back road belongs to Tapuitea and how much to Samia. The Court can only make such a decision as seems fair from the testimony taken at the trial.

It is the opinion of the Court:

1. That Tapuitea is undoubtedly the owner of the part of the surveyed parcel which lies to the north of the back road.

2. That Tapuitea should be adjudged the owner of that part of the surveyed parcel which lies south of the back

road and which extends southerly to a line drawn from the westerly boundary of said land through the center of the mango tree between the King house and Samia's house, extending to the middle of the creek.

3. That Samia owns the land south of this line and to the west of the creek to the southern boundary of the surveyed land.

4. Tapuitea shall be awarded that part of the surveyed land lying south of the back road to a line drawn from a point beginning at the breadfruit tree on the eastern boundary of the surveyed land and extending in a westerly direction to the point in the center of the creek where it meets the line projected from the western boundary of the surveyed land extending through the mango tree to the center of the creek.

5. That Tapuitea's family and Samia's family shall own in common the burial ground on the eastern side of the creek where members of their family are buried and shall hereafter have an equal right to use the same without let or hindrance from each other.

6. That Samia shall be awarded all the rest of the surveyed parcel south of the line mentioned in paragraph four hereof on the east side of the creek extending southerly of its southern boundary.

Court costs shall be paid—Tapuitea $12.50—Samia $12.50.